Matter of Yang (2022 NY Slip Op 06308)

Matter of Yang

2022 NY Slip Op 06308

Decided on November 10, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 10, 2022

PM-187-22
[*1]In the Matter of Wenxuan Yang, a Resigned Attorney. (Attorney Registration No. 5740618.)

Calendar Date:September 26, 2022

Before:Garry, P.J., Egan Jr., Aarons, Pritzker and Fisher, JJ.

Wenxuan Yang, Bellevue, Washington, respondent pro se.
Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for Attorney Grievance Committee for the Third Judicial Department.

Per Curiam.
Wenxuan Yang was admitted to practice by this Court in November 2019 and resides in Washington State, although he is not admitted there, or in any other jurisdiction. In June 2021, Yang applied for leave to resign from the New York bar, citing the fact that he was not practicing in any jurisdiction and intended to return to school; this Court granted the application by August 2021 order (197 AD3d 816 [3d Dept 2021]).
Yang now seeks his reinstatement by affidavit with exhibits sworn to August 5, 2022 (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.22 [b]). The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) advises, by September 22, 2022 correspondence, that it has no objection to the relief requested.

An applicant seeking reinstatement from nondisciplinary resignation must "establish both the requisite legal education or experience and the necessary character and fitness as would be required of an applicant for admission in the first instance" (Matter of Weiss, 166 AD3d 1159, 1160 [3d Dept 2018]; see Matter of Gaudioso, 159 AD3d 1217, 1218 [3d Dept 2018]). In disposing of such an application, we have wide discretion to either grant the application, with or without any conditions deemed appropriate, or to deny the application with leave to renew upon the completion of the Multistate Professional Responsibility Examination, additional continuing legal education (hereinafter CLE) or even a new administration of the New York Bar Examination (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.22 [b]; see generally Matter of Tuve, 171 AD3d 1392, 1393 [3d Dept 2019]).[FN1]
We have determined, based upon our review of Yang's application for reinstatement and AGC's response thereto, that the matter presents no cause for character and fitness concerns. However, we observe that Yang has been completely attenuated from the practice of law for more than a year and has not engaged in any CLE during that period.[FN2] While we do not conclude that the circumstances require Yang to successfully complete the Uniform Bar Examination anew as a prerequisite to his reinstatement, we are of the view that Yang's completion of certain CLE accreditation is appropriate (see Matter of Tuve, 171 AD3d at 1393-1394). Accordingly, we grant Yang's application for reinstatement, but condition such reinstatement upon his completion, within two years of the date of this order, of CLE accreditation commensurate with that required of all newly-admitted attorneys in New York (see Rules of App Div, All Depts [22 NYCRR] § 1500.12 [a]).
Garry, P.J., Egan Jr., Aarons, Pritzker and Fisher, JJ., concur.
ORDERED that Wenxuan Yang's application for reinstatement is granted; and it is further
ORDERED that Wenxuan Yang's name is hereby restored to the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further
ORDERED that Wenxuan Yang shall, within 30 days of the date of this decision[*2], file an attorney registration statement with the Chief Administrator of the Courts pursuant to Judiciary Law § 468—a and Rules of the Chief Administrator of the Courts (22 NYCRR) § 118.1; and it is further
ORDERED that Wenxuan Yang shall submit documentation to the Attorney Grievance Committee for the Third Judicial Department establishing his satisfaction of continuing legal education accreditation equivalent to that required by Rules of the Appellate Division, All Departments (22 NYCRR) § 1500.12 (a), on or before November 10, 2024.

Footnotes

Footnote 1: We note that certain amendments to this Court's Rules impose CLE prerequisites upon all reinstatement applicants who have been resigned for more than two years (see Rules of App Div, 3d Dept [22 NYCRR] § 806.22 [b] [2]). The instant application was filed prior to the effective date of such amendments.

Footnote 2: Since Yang was granted leave to resign prior to completing his biennial registration obligations in 2021 (see Rules of App Div, All Depts [22 NYCRR] § 1500.13 [b]), Office of Court Administration records also provide no indication that Yang completed any CLE prior to his resignation.